<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| HOSPITALITY INTERNATIONAL INC., and RED CARPET INNS INTERNATIONAL INC., <br><br> Plaintiffs, <br><br> v. <br><br> BM HOSPITALITY, LLC, <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br> No. 22-04891-KMW-EAP <br><br> **OPINION** |

APPEARANCES:

EVAN MATTHEW GOLDMAN, ESQ.
GREENSPOON MARDER, PA
1037 RAMOND BLVD, STE 900
NEWARK, NJ 07102

*Counsel for Plaintiffs*

**WILLIAMS, District Judge:**

## I.     INTRODUCTION

Hospitality International, Inc. ("HII") and Red Carpet Inns International, Inc. (RCII) (collectively, "Plaintiffs") brings this action against BM Hospitality LLC ("Defendant") alleging that Defendant is in violation of the Lanham Act pursuant to 15 U.S.C. § 1114(1) and 15 U.S.C. §1125(a) for trademark infringement and unfair competition (respectively), and seeks declaratory judgment for damages, costs, attorneys' fees, and to have Defendant permanently enjoined from using Plaintiff's trademarks.

This matter comes before the Court on Plaintiffs' Motion for Default Judgment (ECF No. 9). Defendant to date has not filed an appearance nor responded to the Complaint or the instant motion. For the reasons that follow, Plaintiffs' Motion for Default Judgment is **GRANTED**. [1]

## II.     BACKGROUND

On September 26, 2018, Plaintiff HII entered into a franchise agreement with Defendant, permitting Defendant to operate a "Red Carpet Inn" located in Browns Mill, New Jersey. Pl.'s Compl. ¶18. On May 31, 2019, after less than a year of operation, the franchise agreement was terminated, and Plaintiffs sent the notice in writing as well as a copy of a notice outlining Defendant's post-termination obligations per the Franchise Agreement. *Id.* ¶19.

The Franchise Agreement permitted Defendant to utilize certain systems and marks, ("RCI Marks and System") that are trademarked and registered on the Principal Register of the United States Patent and Trademark Office since 1968 and 1992. *See id.* ¶¶10-15. The Franchise Agreement has explicit Post-Termination Obligations that require a franchisee to "immediately

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

and permanently cease" using any RCI Marks and Systems within 30 days after termination. *See id.* ¶22.

According to Plaintiffs, Defendant has been impermissibly utilizing Plaintiffs' trademarks and systems despite its post-termination obligations. *Id.* ¶20. On June 15, 2022, Plaintiffs' counsel sent Defendant a demand letter to "cease and desist" from using the RCI Marks and Systems. *Id.* ¶26; *see also* Exhibit D.

On August 3, 2022, Plaintiffs filed their Complaint, (ECF No. 1). On August 8, 2022, Plaintiffs assert that Defendant was served with process, (ECF No. 6). On October 8, 2022, Plaintiffs requested a Clerk's Entry of Default (ECF No. 7), which was entered on October 31, 2022. On February 28, 2023, Plaintiffs moved for Default Judgment to be entered by this Court. (ECF No. 9).

## III.  LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 55(b)(2)

Federal Rule of Civil Procedure 55 authorizes the entry of default judgment against a party that has failed to file a timely responsive pleading. Fed. R. Civ. P. 55(b)(2); *see also Dellecese v. Assigned Credit Sols., Inc.*, No. 15-6678, 2017 WL 957848, at *1 (D.N.J. Mar. 10, 2017). Rule 55 establishes a two-step process for obtaining a default judgment: (1) the party seeking default must obtain an entry of default by the Clerk of the Court; and (2) once the Clerk of the Court has entered the default, the party can seek a default judgment. It is within the discretion of the district court whether to grant a motion for default judgment. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (explaining that the entry of default by the Clerk does not automatically entitle the non-defaulting party to default judgment; rather, the entry of default judgment is left primarily to the discretion of the district

court). "Once a party has defaulted, the consequence is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp.*, No. 20-9537, 2021 WL 1541054 at*3 (D.N.J. Apr. 20, 2021). With regard to damages, the Court may order or permit the plaintiff to provide additional evidence to support their allegations. *Mancuso v. Tyler Dane, LLC*, No. 08-5311, 2012 WL 1536210 at *5 (D.N.J. May 1, 2012).

The moving party is not entitled to default judgment as a right; rather, the Court may enter a default judgment "'only if the plaintiff's factual allegations establish the right to the requested relief.'" *Dellecese*, 2017 WL 957848, at *2 (quoting *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC*, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012)); *see also United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984) (stating that "this court does not favor entry of defaults and default judgments" and noting the Court's preference that cases be decided on the merits).

Accordingly, before granting default judgment, a court must determine: (1) it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. *See Tri-Union Seafoods, LLC*, 2021 WL 1541054 *3. Further, the Court must consider the additional following factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct. *Id.* (quoting *Chamberlain*, 210 F.3d at 164) (internal quotations omitted).

## IV.   DISCUSSION

As set forth *supra*, obtaining a default judgment pursuant to Fed. R. Civ. P. 55 is a two-step process: first the Clerk of the Court must enter a defendant's default after the properly served defendant failed to plead or otherwise defend itself. Once the entry has been made by the Clerk, a plaintiff can request the Clerk enter default judgment when a plaintiff's claim is for a sum certain, but in all other cases, such as the instant case, a plaintiff must apply to the court for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

Here, the Clerk of the Court entered a default on October 31, 2022, against Defendant for failing to plead or otherwise defend itself following the summons returned as executed on August 15, 2022. ECF No. 6. Since then, the docket reflects that Defendant has not made an appearance or responded to this case to date. Thus, the first step is satisfied, and the Court will proceed to determine whether the entry of a default judgment is proper in this case.

### A. Jurisdiction

"Before entering a default judgment as to a party that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Tri-Union Seafoods, LLC*, 2021 WL 1541054 at*3 (quoting *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, *2 (D.N.J. Jan. 22, 2015)) (internal citations omitted). Thus, the Court must first determine personal and specific jurisdiction over the Defendant, as well as subject matter jurisdiction, before it can proceed to any other aspect of the default judgment motion.

To establish personal jurisdiction over a company, "the place of incorporation and principal place of business are paradig[m] ... bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (alteration in original) (internal quotation omitted). Although in this matter

Defendant is an LLC, "[c]ourts have applied the *Daimler* rules to limited liability companies with 'equal force.'" *Griggs v. Swift Transp. Co.*, No. 17-13480, 2018 WL 3966304 at *2 (D.N.J. Aug. 17, 2018). Therefore, "for the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of formation." *Tri-Union Seafoods, LLC*, 2021 WL 1541054 at*3 (quoting *Rodriquez Rivera v. Loto Grp., LLC*, No. 20-4062, 2020 WL 7384720, at *1 (D.N.J. Dec. 16, 2020)).

Here, Plaintiffs allege that Defendant is a limited liability company "headquartered and registered" in the State of New Jersey and has its principal place of business in Browns Mill, New Jersey. *See* Pl.'s Compl. ¶4. "For a corporation or limited liability company, the 'paradigm' for general jurisdiction is its place of incorporation or registration and its principal place of business." *Griggs*, 2018 WL 3966304 at *4 (citing *Daimler*, 571 U.S. at 137). Therefore, this Court finds that it has personal jurisdiction over Defendant.

Next, the Court must consider if it has specific jurisdiction over Defendant. "Specific jurisdiction is attained when the controversy is related to or 'arises out of' a defendant's contacts with the forum." *Carter Ledyard & Milburn LLP v. Carrascosa*, No. 07-3216, 2010 WL 4609501 at *3 (D.N.J. Nov. 1, 2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). There is a three-part test to determine whether specific jurisdiction exists. *Ross Univ. Sch. of Med. v. Amini*, No. 13-6121, 2014 WL 29032, at *5 (D.N.J. Jan. 2, 2014).

> (1) The defendant must have purposefully directed his activities at the forum;
> (2) the plaintiff's claim must arise out of or relate to at least one of those specific activities; and
> (3) courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comports with fair play and substantial justice.

*Id.* (internal citations and quotations omitted). The Court will address each factor in turn below.

The Court notes that Defendant owns and operates its business at 13 Juliustown Road, Browns Mill, New Jersey 08015 and signed a business contract with Plaintiff to operate as a franchisee of the Red Carpet Inn in New Jersey. *See* Pl.'s Compl. ¶18; Ex. B. Given that the Court must accept Plaintiff's well pleaded factual allegations as true, (*see Mancuso*, 2012 WL 1536210 at \*2), the Court finds this evidence sufficient to determine that Defendant purposefully directed its activities to this forum.

Next, it is clear on its face that Plaintiff alleges trademark infringement and unfair competition from Defendant's continued use of its trademarked symbols and systems at Defendant's motel following the termination of their Franchise Agreement on May 31, 2019. *See* Pl.'s Compl. ¶19; Ex. C. The operation of said motel is the activity Defendant undertook in this forum. *Id.* Thus, the Court finds Plaintiff's allegations sufficient to determine that the claims of this case arise out of the activities Defendant purposefully directed at this forum.

Further, the Court must ensure that its assertion of jurisdiction comports with the concepts of fair play and substantial justice. *Ross Univ. Sch. of Med.*, 2014 WL 29032 at \*13 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). At this step, the burden would normally fall on the defendant to show that the assertion of jurisdiction is unconstitutional. *Id.* (citing *Mellon Bank (East) PSFS, Nat. Ass'n*, 960 F.2d at 1226). However, Defendant has failed to appear in this case. Thus, the Court has carefully reviewed the record and has found no evidence in the record to suggest that it would be unfair or against the concept of substantial justice to have Defendant, a business located and operated within the State of New Jersey, answer a Complaint in a federal

court based in its home State. Therefore, the Court finds that it has specific jurisdiction over Defendant.

The Court has subject matter jurisdiction over Plaintiff's claims in that the claims arise pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a), claims asserted under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and the Court has jurisdiction over the unfair competition claim pursuant to 28 U.S.C. § 1338(b). The Court is satisfied that jurisdiction is met in this matter.

### B. Proper Service

The Federal Rules for executing service provide that "a domestic or foreign corporation, or a partnership or other unincorporated association . . . must be served in a judicial district of the United States, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(1)(B).

Here, Plaintiffs filed their executed summons on August 15, 2022. *See* ECF No. 6. The documents indicate that the managing agent, Harshad Patel, was served successfully on August 8, 2022. *Id*. The summons was served by an adult without a direct interest in the litigation and declared that the above information was true and correct under penalty of perjury. *Id*. The Court is satisfied that proper service was made to Defendant.

### C. Sufficiency of Causes of Action

Next, the Court must consider whether the undisputed facts provided in Plaintiffs' complaint allege legitimate claims. *IBEW Loc. 351 Pension Fund v. George Sparks, Inc.*, No. 14-2149, 2015 WL 778795 at *1 (D.N.J. Feb. 24, 2015) ("The plaintiff's unchallenged facts set forth in the complaint must establish a legitimate cause of action before default judgment can be entered.") (citations omitted); *see also Mancuso*, 2012 WL 1536210 at *2.

Here, Plaintiffs allege violations under the Lanham Act (Sections 32 and 34), which correspond to 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a)(1)(A), respectively.

15 U.S.C. § 1114(1) relates to trademark infringement, which provides in pertinent part:

> (1) Any person who shall, without the consent of the registrant—
> (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive [. . .]
> Shall be liable in a civil action by the registrant[.]

15 U.S.C. § 1125(a)(1)(A) relates to unfair competition, which provides in pertinent part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person [. . .]
> [S]hall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Federal trademark infringement and federal unfair competition claims are analyzed under the same set of factors. *Primepoint, L.L.C. v. Primepay, Inc.*, 545 F. Supp. 2d 426, 431-32 (D.N.J. 2008). To establish these claims, a plaintiff must show (1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services "causes a likelihood of confusion." *A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000).

The first two requirements are satisfied when a federally registered mark has become "incontestable" meaning "the owner has filed affidavits stating that the mark has been registered, that it has been in continuous use for five consecutive years, and that there has been no adverse

decision concerning the registrant's ownership or right to registration." *Tri-Union Seafoods, LLC*, 2021 WL 1541054 at *5 (internal citation omitted). The third factor is satisfied where "consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Id.* (quoting *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 292 (3d Cir. 1991)).

In this Circuit, a variety of factors can be assessed to determine whether two marks are likely to cause consumer confusion, however, if "the trademark owner and the alleged infringer deal in competing goods or services, the court need rarely look beyond the mark itself." *Cosmetic Warriors Ltd. v. Nailush LLC*, No. 17-1475, 2017 WL 5157390 at *4 (D.N.J. Nov. 6, 2017) (quoting *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 462 (3d. Cir. 1983)); *see also A & H Sportswear, Inc.*, 237 F.3d at 214 ("If products are directly competing, and the marks are clearly very similar, a district judge should feel free to consider only the similarity of the marks themselves."). The first and most important factor to consider is "the degree of similarity between the owner's mark and the alleged infringing mark." *Id.* (quoting *E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC*, 19 F. Supp. 3d 560, 569 (D.N.J. 2014)). Thus, the Court is not required to consider factors other than the similarity between the marks. *Id.* at 5 (citing *A & H Sportswear, Inc.*, 237 F.3d at 214).

Here, Plaintiffs' complaint asserts that their marks are validly registered and incontestable. *See* Pl.'s Compl. ¶14. With regard to the third factor, the "similarity" of the mark is absolute: Defendant is utilizing Plaintiffs' exact mark far beyond its permitted use, years after the Franchise Agreement was terminated. Pl.'s Compl. ¶¶19-26, Ex. D. There is no doubt that a consumer would assume that Defendant's motel was affiliated with Plaintiffs.

Finally, the Court must consider whether the entry of default judgment is proper in the context of the instant case. In making this determination, the Court must consider several additional factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 686 (D.N.J. 2015) (internal citations and quotations omitted).

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984). However, Defendant did not respond to this case, and such a failure prevents the Court from being able to ascertain any litigable defenses. *United States v. Vo*, No. 15-6327, 2016 WL 475313 at *3 (D.N.J. Feb. 8, 2016) (citing *Prudential Ins. Co of America v. Taylor*, No. 08-2108, 2009 WL 536403 at *1 (D.N.J. Feb. 27, 2009)). Therefore, no meritorious defense presently exists with respect to deciding this motion for default judgment.

Next, a plaintiff will suffer prejudice by a defendant's failure to respond, "because it has been prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Innovative Sports Mgmt., Inc.*, 2021 WL 4026112, at *3 (internal citations and quotations omitted). Additionally, without the remedy of default judgment, a plaintiff facing a defendant that refuses to engage will be prejudiced because it has "no other means of seeking damages for the statutory harms caused by Defendant." *Dellecese*, 2017 WL 957848, at *3.

Here, Defendant was properly served and has not appeared; it continues to utilize Plaintiffs' trademarks, damaging Plaintiffs' reputation; and without entry of default judgment, Plaintiff would have no other means of redress.

Similarly, Defendant's complete failure to answer or respond in this case "evinces the Defendant's culpability[.]" *Teamsters Pension Fund of Philadelphia & Vicinity*, No. 11-624, 2011 WL 4729023 at *4 (D.N.J. Oct. 5, 2011); *Interstate Realty Mgmt. Co. v. PF Holdings, LLC*, No. 16-4095, 2017 WL 53707, at *3 (D.N.J. Jan. 4, 2017) (finding that a defendant "may be presumed culpable for their inaction."). There is nothing in the record to show that Defendant's failure to respond was not willfully negligent, and therefore the Court is satisfied that such inaction supports a finding that the Defendant is culpable. *Prudential Ins. Co. of America*, 2009 WL 536043 at *1.

As a result, the Court is satisfied that all factors support the entry of a default judgment and will grant Plaintiffs' motion.

### D. Permanent Injunction

Additionally, Plaintiffs request the issuance of a permanent injunction against Defendant. The Lanham Act permits courts to grant injunctive relief to prevent trademark infringement. *See* 15 U.S.C. § 1116(a). A court may issue a permanent injunction in the context of a default judgment if a plaintiff establishes the following:

> (1) that it has suffered an irreparable injury;
> (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury;
> (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and
> (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Further, pursuant to 15 U.S.C. § 1116, "[c]ourts ha[ve] the authority to grant injunctive and other equitable relief to prevent . . . violations of a plaintiff's trademark rights." *Can't Live Without It, LLC v. Closeout Surplus & Salvage, Inc.*, No. 18-14606, 2021 WL 1345869 at *6 (D.N.J. Apr. 9, 2021) (quoting *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 539 (D.N.J. 2008)).

### i.  Irreparable Injury and Remedies Available for the Injury

For an injury to be irreparable, it must be a type of injury that cannot be adequately assuaged by money damages. *Frank's GMC Truck Ctr. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988). Trademark infringement falls into this category because the "[l]ack of control over one's mark creates the potential for damage to . . . reputation[, which] constitutes irreparable injury for the purpose of granting a preliminary injunction in a trademark case." *Can't Live Without It, LLC*, 2021 WL 1345869 at *6 (internal citations and quotations omitted). Thus, "it is well settled that trademark infringement may amount to irreparable injury as a matter of law." *Id.* (citing *Citizens Fin. Grp. Inc. v. Citizens Nat'l Bank of Evans City*, 383 F.3d 110, 125 (3d Cir. 2004)).

Here, Plaintiffs allege that Defendant has ignored its responsibilities to de-identify the motel property pursuant to the termination of its Franchise Agreement and have persisted in holding itself out to the public as a licensee of Plaintiffs' franchise since 2019. Pl.'s Compl. ¶¶19-26, Ex. D. The Court finds Plaintiffs' Complaint sufficiently articulates an irreparable injury.

### ii.  Equity is Warranted

The Court must balance the harm that will occur to the moving party from the denial of the preliminary injunction with the harm that the non-moving party will incur if the injunction is granted. *See TD Bank N.A. v. Hill*, 928 F.3d 259, 283-84 (3d Cir. 2019). Generally, regarding trademark disputes, if a court does not issue an injunction, the infringing party will continue to infringe, resulting in loss of reputation and profits for the rightful trademark owner. *See Cosmetic Warriors Ltd.*, 2017 WL 5157390 at *8. On the other hand, an injunction will only cause the infringer the "hardship" of complying with the law. *Id.*

Here, it is clear from the Defendant's lack of response, and the evidence of continued infringement submitted by Plaintiff, that Defendant is likely to continue to infringe and cause

Plaintiff harm without action from this Court. *See* Pl.'s Compl. ¶¶20, 24, 26, Ex. D. Further, any harm that Defendant would face would be the result of Defendant complying with the law. Thus, the Court finds that a remedy in equity is warranted given the circumstances of this case.

### iii.  Public Interest Served

Plaintiff asserts that the public interest will be served with the issuance of an injunction, and the Court agrees. The Third Circuit has recognized that the public interest is served when enforcing trademark rights. *Bill Blass, Ltd. v. SAZ Corp.*, 751 F.2d 152, 156 (3d Cir. 1984) (determining that "there is a public interest in the protection of the trademark and to avoid confusion in the public"). Given that the Defendant in this case continues to impermissibly utilize Plaintiffs' symbols, such consumer confusion presently exists. *See* Pl.'s Compl. ¶¶20, 24, 26, Ex. D. Therefore, the Court finds that the public interest would be served with the issuance of a permanent injunction against Defendant for infringing Plaintiffs' trademarks.

Given the foregoing, the Court finds that granting Plaintiffs' request for a permanent injunction is warranted.

### E.  Damages

While the Court must accept well-pleaded factual allegations as true when considering the entry of a default judgment, that is not the case for a plaintiff's factual allegations regarding damages. *Mancuso*, 2012 WL 1536210, at *2. To ascertain the appropriate amount of damages, courts may permit or order the submission of additional evidence to support the allegations of damages or conduct hearings. *IBEW Loc. 351 Pension Fund*, 2015 WL 778795 at *2; Fed. R. Civ. P. 55(b)(2).

In this matter, the Court will defer judgment on damages and will schedule a hearing to address the specific relief Plaintiffs seek under 15 U.S.C. § 1116.

## V.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Default Judgment (ECF No. 9) is

**GRANTED**.

An order consistent with this Opinion will be entered.

September 29, 2023

KAREN M. WILLIAMS, U.S.D.J.