**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| HOSPITALITY INTERNATIONAL, INC. And RED CARPET INNS INTERNATIONAL, INC., <br><br>*Plaintiffs*, <br><br>v. <br><br>BM HOSPITALITY, LLC, <br><br>*Defendant*. | HONORABLE KAREN M. WILLIAMS <br><br>Civil Action <br><br>No. 22-4891-KMW-EAP <br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court by way of plaintiffs Hospitality International, Inc. and Red Carpet Inns International, Inc.'s ("Plaintiffs") unopposed application for attorney fees and costs (ECF Nos. 33, 37) incurred in connection with Plaintiffs' preparation and prosecution of their Motion to Hold Defendant BM Hospitality, LLC ("Defendant") in Contempt (ECF No. 20) as a result of Defendant's failure to comply with the Court's Final Order dated December 4, 2023 ("Final Order") (ECF No. 19). The Court has considered the Motion without oral argument pursuant to L.Civ.R. 78.1(b).

**WHEREAS,** this Court possesses the "inherent power to reimburse a party for outlays incurred in securing an adjudication of contempt." *Halderman by Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 941 (3d Cir. 1995); and

**WHEREAS,** the Third Circuit has long recognized that "the innocent party is entitled to be made whole for the losses it incurs as the result of the contemnors' violations, including reasonable attorneys' fees and expenses." *Id.*; and

**WHEREAS**, this Court's Contempt and Seizure Order dated October 25, 2024 (ECF No. 29) ordered that "judgment will be entered in favor of Plaintiffs in an amount of attorneys' fees incurred in connection with Plaintiffs' preparation and prosecution" of their Motion to Hold Defendant in Contempt (ECF No. 20); and

**WHEREAS**, the Court finds that Plaintiffs have submitted an appropriate lodestar petition supporting their attorneys' fees and costs (*See* Amended Affidavit of Evan M. Goldman, Esq. ("Goldman Aff."), ECF No. 37); and

**WHEREAS,** to date, Defendant has not opposed Plaintiffs' application (*see* ECF Nos. 33, 37); and

**WHEREAS,** the Court finds that the rates for Plaintiffs' attorneys, Evan M. Goldman, Esq. and Brett M. Butterick, Esq., fall within the range of rates set forth by the Community Legal Services ("CLS") fee survey endorsed by the Third Circuit as an appropriate gauge of market rates in the Philadelphia metropolitan area (*see* Goldman Aff., ¶ 13, Ex. C); and

**WHEREAS**, the Court notes the nature and length of Plaintiffs' relationship with Mr. Goldman over several years at different law firms (*see id.* ¶ 2); and

**WHEREAS**, the Court finds that Plaintiffs' attorneys prevailed in obtaining the relief sought by Plaintiffs (*see id.* ¶¶ 3-8; *see also* ECF Nos. 19, 29); and

**WHEREAS,** the Court finds that the hours expended by counsel incurred in connection with Plaintiffs' prosecution of their Motion Hold Defendant in Contempt were reasonable (*see* Goldman Aff., ¶¶ 10, 12, 18, 21-26, Exs. A, B); and

**WHEREAS,** the Court finds that the costs incurred in connection with same were reasonable (*see id.*, ¶¶ 10, 15, 19, 22, Exs. A, B);

**WHEREAS,** based on the Court's review of Plaintiffs' application, the Court finds that counsels' fee is reasonable in light of: (1) the time and labor required to perform the legal services properly; (2) the likelihood of counsels' preclusion from accepting other representation as a result of their services in the instant matter; (3) the fee customarily charged for similar services; (4) the favorable results obtained for Plaintiffs; (6) the time limitations imposed by the circumstances of the case; (6) the nature and length of the professional relationship between Plaintiffs and their counsel; and (7) the experience and skill of Plaintiffs' counsel, *see* RPC 1.5; and

Consequently, for all the foregoing reasons; and for good cause shown;

**IT IS** on this ___ day of **JULY**, 2025 hereby

**ORDERED** that Plaintiffs' petition for attorneys' fees and costs (ECF No. 37) is **GRANTED**, as follows:

    A. Defendant shall pay Plaintiffs' reasonable attorneys' fees in the amount of **$10,220.00**.

    B. Defendant shall reimburse Plaintiffs for litigation costs in the amount of **$410.05**.

**ORDERED** that judgment is hereby entered in favor of Plaintiffs and against Defendant in the total amount of **$10,630.05**, reflecting the foregoing attorneys' fees and costs incurred in connection with Plaintiffs' counsels' preparation and prosecution of their Motion to Hold Defendant in Contempt (ECF No. 20) for Defendant's failure to comply with this Court's Final Order (ECF No. 19).

                                                KAREN M. WILLIAMS
                                                UNITED STATES DISTRICT JUDGE